CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 Gloria LaMott and Glenn Kincaid, Jr., appeal from the District Court’s September 6, 2011 order concerning the distribution of the proceeds of the Cecilia Kincaid Gift Trust for George. We reverse.
¶2 The issue on appeal is whether the District Court properly *180 concluded that Jennifer Fazio is entitled to a distribution from the Trust as a descendant of George Kincaid under the Gift Trust document.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In December, 1976, Cecilia Kincaid Bates, grantor, and Co-Trustees George W. Kincaid and Richard E. Peterson entered into a trust agreement establishing the Cecilia Kincaid Gift Trust for George. George was Cecilia’s son. The Trust was an irrevocable intervivos trust and George was the sole beneficiary of the Trust during his lifetime. George passed away on October 15,2009, intestate. By the terms of the Trust, George’s death was the triggering event for appointment of a new co-trustee, for termination of the Trust, and for distribution of the remaining assets. The current Co-Trustees of the Trust are Gloria LaMott and Glenn Kincaid, Jr.
¶4 On November 3, 2010 the Co-Trustees filed a Final Account, Petition for Settlement, Distribution, and Termination of the Cecilia Kincaid Gift Trust for George. On December 1, 2010 Jennifer Fazio, formerly known as Stacey Jean Kincaid, objected to the Trustees’ petition, which proposed that she receive no distribution from the Trust. Jennifer is the natural child of George Kincaid. She was born after the Trust was established and was given up for adoption when she was a small child. The District Court considered the briefs of the parties and determined that Jennifer was properly entitled to distribution of the Trust proceeds.
¶5 The issue in this case is whether Jennifer is the rightful beneficiary of the Cecilia Kincaid Gift Trust for George. Article IV, § 3 of the Trust provides that upon George’s death any remaining funds in the Trust are to be distributed to George’s “living descendants.” The Trust defines “descendants”:
As used herein, the term “descendent” or “descendents” shall mean lawful blood descendants in the first, second or any other degree of the designated ancestor; provided, however, that an adopted child and the lawful blood descendants of any such adopted child shall for all purposes be regarded as the lawful blood descendants of the adopting parent or parents and of anyone who is by blood an ancestor of the adopting parent or of either of the adopting parents, and such adopted child and any said descendant of such adopted child shall not be regarded as the descendants of either natural parent of such adopted child.
Kincaid Trust for George, Article XIII, § 3.
*181 ¶6 The District Court determined that Jennifer, as a “lawful blood descendant” of George Kincaid, should be included in the Trust distribution. The Trustees appeal.
STANDARD OF REVIEW
¶7 The interpretation of a trust agreement is a question of law that this Court reviews for correctness. In re: Marjorie Q. Ward Revocable Trust, 2011 MT 308, ¶ 10, 363 Mont. 72, 265 P.3d 1260; In re: The Charles M. Bair Family Trust, 2008 MT 144, ¶ 32, 343 Mont. 138, 183 P.3d 61. This Court construes the words of a trust instrument in their ordinary grammatical sense, absent evidence of a clear intent otherwise. Bair Family Trust, ¶ 32. The plain language of the trust instrument is controlling. Ward, ¶ 21.
DISCUSSION
¶8 The resolution of this case depends upon whether Jennifer Fazio is George’s “descendant” as that term is defined in the Trust instrument. If so, she has a claim to the remaining proceeds of the Trust. The District Court construed Art. XIII, § 3 of the Trust to define George’s descendants as “lawful blood descendants,” which clearly includes Jennifer. The District Court further construed the “adopted child” language to describe only children who were adopted into the family by George. The Trustees contend, however, that the adopted child language makes no distinction between children adopted into or out of the family. The Trustees contend that under the plain language of the Trust any adopted child is deemed to be a descendant of the child’s adopting parent, and not a descendant of the child’s natural parent. The Trustees contend that for the purposes of the Trust, Jennifer is deemed to be a child of her adoptive parents and is not a “descendant” of George.
¶9 The language of the Trust instrument is not ambiguous. We conclude that the plain language of Art. XIII, § 3 makes no distinction between children adopted into the family and children adopted out of the family. The plain language describes any adopted child, and an adopted child is deemed to be the descendant of its adoptive parents for purposes of this Trust. The Trust can only be construed to include Jennifer as a descendant of George by adding language making a distinction between children adopted into the family and those adopted out of the family. This language is not in the Trust instrument and may not be added, nor may the language be re-written. Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops. Inc., 2007 MT 159, ¶ *182 30, 338 Mont. 41, 164 P.3d 851.
¶10 A court may not properly add language when interpreting a trust instrument, § 1-4-101, MCA, but must apply the plain language. Bair Family Trust, ¶¶ 40, 53; Ward, ¶ 21. The plain language of the Trust provides that any adopted child is to be deemed a descendant of the child’s adoptive parents. Jennifer is not a descendant of George under the Trust because she was adopted and is therefore deemed to be “regarded as the lawful blood descendant! ] of the adopting parent or parents.”
¶11 The decision of the District court is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.
JUSTICES BAKER, COTTER, WHEAT and RICE.